```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

UNITED STATES OF AMERICA,    )
                             )
        v.                   )    Case No. 2:17-cr-112
                             )
CHRISTOPHER PAIGE,           )
                             )
        Defendant.           )
```

## OPINION AND ORDER

Defendant Christopher Paige has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing health concerns arising out of the COVID-19 pandemic.  For the reasons set forth below, his motion is denied.

## Factual Background

On October 21, 2019, Paige pleaded guilty to two counts of a superseding indictment charging him with possession with intent to deliver more than 40 grams of fentanyl, and possession of a weapon by a felon.  The Court sentenced Paige to 102 months of incarceration to be followed by four years of supervised release.  Paige has been in custody since his arrest on December 12, 2018, and his current release date from Bureau of Prisons (BOP) custody is March 2, 2025.

At the time of his arrest, Paige had multiple prior felony convictions.  He was also subject to pre-trial conditions relating to a pending state court prosecution.  Despite those pre-trial conditions, Paige was found in possession of a loaded sem-automatic assault rifle and was storing more than 2500 bags

of fentanyl.

Paige was detained pending trial.  While in the custody of the United States Marshal Service, he received several disciplinary reports that included incidents of hiding either syringes or buprenorphine within his body.  His counsel reports that he has not received any disciplinary reports at his current place of incarceration.

On April 10, 2020, Paige filed a request with the Warden of his facility for compassionate release on the basis of the COVID-19 pandemic.  He claims that obesity, Type II diabetes, and high blood pressure, among other medical issues, render him particularly vulnerable to the coronavirus.  He also claims that daily injections by prison staff heighten his risk level.  If released, he hopes to return to Vermont to live with his parents in Bellow Falls.  The BOP denied his request on April 22, 2020, and he filed his corresponding motion with this Court on April 28, 2020.

Paige is incarcerated at the Metropolitan Detention Center (MDC) in Brooklyn, New York.  MDC Brooklyn houses approximately 1,625 inmates.  At the time the government filed its memorandum in opposition to Paige's motion, there were no MDC inmates testing positive for COVID-19 and there had been no inmate deaths related to the virus.  Seventeen staff had tested positive, and twenty-five staff had recovered.

**Discussion**

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant. A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*. § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." *Id.* cmt. n.1(D). Following the passage of the

First Step Act, courts may independently determine whether such "other reasons" are present in a given case without deference to the determination made by the BOP.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

In *United States v. Zullo*, Chief Judge Crawford identified a list of factors for determining whether compassionate release is justified.  No. 09-cr-64, ECF No. 1472 at 8-9.  Those factors include: (1) evidence of a defendant's increased susceptibility to COVID-19 complications; (2) completion of at least fifty percent of a term of imprisonment, as compassionate release at the outset of the sentence would undermine the original purpose of the sentence; (3) the level of risk of violence or recidivism; (4) a record of non-violent conduct and positive rehabilitation while incarcerated; and (5) an appropriate plan for home confinement or supervised release.  *Id.*

Here, those factors do not weigh in favor of release.  The Court acknowledges Paige's health issues, and also considers the measures reportedly being taken at MDC Brooklyn to minimize the risk of inmate infection, as well as the low number of reported inmate infections.  Paige's reply memorandum disputes the effectiveness of those measures, the adequacy of care at the facility, and whether COVID-19 testing is actually occurring.  The reports cited in Paige's memorandum are indeed concerning.  The remaining factors, however, rule out early release.

Paige has served less than half, and close to only one third, of his prison time.  His criminal record is extensive, including six felonies.  At the time of his arrest, and despite being on pre-trial conditions, he was found in possession of a loaded semi-automatic firearm.  His time in custody, though recently without incident, demonstrates continued disregard for the law.  Paige has offered no plan that would reasonably insure his successful adjustment upon release, and instead proposes a return to the geographic area in which his underlying crime took place.  Accordingly, the Court cannot find that Paige "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Furthermore, with respect to the Section 3553(a) factors, the Court concludes that reduction of his relatively-recent sentence would not accomplish the "need for the sentence imposed" "to reflect the seriousness of the offense," "protect the public" and "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).  His motion is therefore denied.

## Conclusion

For the reasons set forth above, Paige's emergency motion for compassionate release (ECF No. 76) is denied.

DATED at Burlington, in the District of Vermont, this 30th day of June, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge